

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES SHOOP,<br><br>    Plaintiff,<br><br>v.<br><br>ORANGE COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | CASE NO. 8:19-cv-00547-MWF (SK)<br><br>**ORDER DISMISSING ACTION FOR LACK OF PROSECUTION** |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983, alleging that Defendants violated his Sixth Amendment "right to communicate in confidence with counsel" in the underlying state criminal case that led to his imprisonment. (ECF 1 at 6-8). In May 2019, the complaint was screened and dismissed with leave to amend under 28 U.S.C. § 1915A because Plaintiff's claims were either barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or failed to state a claim on which relief could be granted. (ECF 8).[1] That screening order required

---

[1] The Magistrate Judge's screening order dismissing Plaintiff's complaint with leave to amend was, as explained in that order, non-dispositive. But if it could be construed as dispositive of claims or parties, the Court now adopts the findings and conclusions in that

Plaintiff to submit an amended complaint by June 21, 2019 and warned that failure to do so could result in involuntary dismissal of the action. (*Id.*). But as this order, Plaintiff has not filed an amended complaint, a request for an extension of time to do so, or any document conveying his intent to prosecute this action. Nor has the Court received any undeliverable mail or a notice of change of address suggesting that Plaintiff did not receive the screening order.

As a result, the Court may now involuntarily dismiss the complaint for lack of prosecution. *See* Fed. R. Civ. P. 41(b); *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002). In so doing, the Court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). All these factors support dismissal here.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999). Second, Plaintiff's "noncompliance" with court orders necessarily impairs the Court's ability to "manage its docket." *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002). Third, a rebuttable presumption of prejudice to the opposing side arises when a litigant delays prosecution. *See In re Eisen,* 31 F.3d 1447, 1452-53 (9th Cir. 1994). Fourth, it is Plaintiff's responsibility to move the case to a merits disposition with reasonable dispatch. *See Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991). Finally, no consequence short of dismissal is feasible. The Court gave Plaintiff an opportunity to respond and warned him of the

---

order as its own. *See Mitchell v. Valenzuela,* 791 F.3d 1166, 1174 (9th Cir. 2015); *Bastidas v. Chappell,* 791 F.3d 1155, 1162 (9th Cir. 2015).

2

consequences—including dismissal—for failure to prosecute. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Monetary sanctions are impossible given Plaintiff's incarcerated and pro se status.

THEREFORE, this action is ordered DISMISSED without prejudice for lack of prosecution. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

DATED: July 15, 2019

_____
MICHAEL W. FITZGERALD
U.S. DISTRICT JUDGE

PRESENTED BY:

_____
STEVE KIM
U.S. MAGISTRATE JUDGE